IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| STEVEN MACK McGEE, #01060814 | § | |
| VS. | § | CIVIL ACTION NO. 2:20cv026 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Steven Mack McGee, a prisoner confined at the Huntsville Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to § 2254 challenging his Harrison County, Texas, conviction. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the for the foregoing reasons, Petitioner McGee's petition should be denied, and the case should be dismissed with prejudice.

**I. Procedural History**

After entering into a negotiated plea agreement, on July 17, 2001, McGee was sentenced to fifteen years' imprisonment for one count of indecency with a child (Count One), and to twenty years' imprisonment for one count of sexual assault (Count Two). The stamped judgment and sentence reveal that pursuant to the agreement, the sentences were to run consecutively—with the twenty-year sentence commencing only after McGee completed his fifteen-year sentence for Count I, (Dkt. #20, pg. 57-58). McGee did not file a direct appeal.

According to McGee, on October 5, 2001, upon intake at TDCJ, officials notified him of a discrepancy between the judgment and the "Agreement Concerning Sentencing." He explained

that prison officials remarked that his plea agreement was controlling and the judgment must contain a typographical error. TDCJ officials informed him that they would take care of the error.

On February 6, 2018, the parole board voted to release McGee onto parole. During an audit before release, however, TDCJ officials determined that McGee's sentences should have been calculated consecutively as reflected in the judgment and sentence. After being notified, the parole board withdrew the granting of parole. McGee explains that he received the correction to his sentence calculation on March 9, 2018.

McGee then filed a time-credit dispute resolution (TDR) with TDCJ's classification office on August 17, 2018. TDCJ officials responded to the request—in which prison officials explained that the judgment in his case reflected that his sentences were to run consecutively, (Dkt. #20, pg. 66). McGee then filed a state habeas application on or about February 5, 2019. On September 25, 2019, the Texas Court of Criminal Appeals denied the application without a written order on the findings of the state habeas court, (Dkt. #20, pg. 32). This federal petition follows.

## II. McGee's Habeas Claims

McGee maintains that his due process rights were violated because (1) the written judgment differs from the oral pronouncement based on the "Agreement Concerning Sentencing"; (2) the State failed to notify the court of the conflict in the record; (3) he was denied parole eligibility on Count One, since the sentences were "miscalculated concurrently until" three years after he completely discharged his sentence for the first count; and (4) he is guaranteed protection from double jeopardy, which now exists in his case.

## III. Respondent's Answer and McGee's Response

After being ordered to do so, Respondent filed an answer, (Dkt. #21), addressing McGee's claims. Respondent urges this Court to dismiss the petition. Specifically, Respondent asserts that

several of McGee's claims are time-barred and one claim is not cognizable on federal habeas review.

McGee filed a response, (Dkt. #23). He maintains that his petition and claims are not time-barred, as he contends that his conviction became final after the ninety-day period in which he could have sought certiorari with the United States Supreme Court expired. McGee further alleges that the state habeas court merely "adopted" TDCJ's affidavit as fact—and, therefore, this Court should not defer to the state court. As for his claim concerning parole, McGee insists that if his sentences are deemed consecutive, "he was denied the right to become eligible for parole whether granted or denied on count one being that he discharged count one three years before TDCJ changed the record." *Id*. at pg. 7.

**IV. Standard of Review**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not

3

entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**V. Discussion and Analysis**

A review of the record demonstrates that McGee's petition is time-barred and otherwise without merit. His petition should be denied.

<u>1. Timeliness under the AEDPA</u>

As Respondent highlights, McGee's claims are time-barred by the statute of limitations. An inmate must file a section 2254 motion within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States if removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). If a habeas petitioner has pursued direct relief through a state's highest court—which, here, would be the Texas Court of Criminal Appeals through a petition for discretionary review—then his conviction becomes final when the ninety-day time period for which to file a timely petition for a writ of certiorari expires with the Unites States Supreme Court. *See Foreman v. Dretke*, 393 F.3d 336, 338 (5th Cir. 2004).

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection."). Relevant here, time disputes constitute "other collateral review." *See Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010).

Here, McGee did not file a direct appeal. His conviction therefore became final when the time for filing a notice of appeal had expired—which is thirty days. *See, e.g.*, *Garcia v. Director*

5

2012 WL 1481503 at *2 (E.D. Tex. Mar. 12, 2012) ("In this case, Garcia was convicted on October 16, 2009, and did not take a direct appeal; accordingly, his conviction became final on November 16, 2009, after the expiration of 30 days . . ."); *see also* Tex. R. App. P. 26.2(a). Because McGee failed to file a direct appeal, contrary to his claim, his conviction did not become final after the time period for filing a petition for a writ of certiorari with the Supreme Court expired. The record reflects that McGee was convicted in July 2001—and his sentence therefore became final in August 2001. Absent any tolling, McGee's federal habeas petition was due one year later.

Both McGee and Respondent claim that section 2244(d)(1)(D)—which calculates the one-year statute of limitations from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence—applies here. Specifically, McGee explains that he learned of the discrepancy between the written judgment and written plea agreement on October 5, 2001, upon intake at TDCJ, (Dkt. #23, pg. 2).

However, because he was assured by prison officials that the issue would be "taken care of" and that the plea agreement controlled, McGee explains that he did not file a state postconviction pleading—as he states he "would have no grounds to file a postconviction action" based on this information. McGee explains that "only after he was informed on March 9, 2018, TDCJ had changed the record to reflect consecutive sentences did [he] have legal grounds to file a postconviction action." *Id*. McGee succinctly asserts that:

> [His] TDR tolled the limitations period while it was pending from August 17, 2018, until September 20, 2018, for a total of 35 days. This extended [the] deadline until April 13, 2018. McGee's state writ then tolled while it was pending from February 5, 2019 until September 25, 2019, for a total of 233 days. This extended McGee's deadline until December 2, 2019. As a result McGee's petition, filed January 9, 2020, is over one month late.

Dkt. #23, pg. 2. He further argues that he is entitled to an extra ninety days of tolling because he chose not to file a petition for a writ of certiorari to the Supreme Court.

6

All of McGee's claims, however, are without merit. Timeliness under section 2244(d)(1)(D) is premised on facts establishing that the petitioner exercised due diligence. In other words, under this portion of the statute, the one-year limitations period commences on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *See Romero v. Davis*, 813 F. App'x 930, 933 (5th Cir. 2020). The Fifth Circuit has explained that "this means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019). This section "does not convey a statutory right to an extended delay … while a habeas petitioner gathers every possible scrap of evidence that might … support his claim." *Id.* (quoting *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Here, however, the facts show that McGee failed to exercise due diligence. McGee was sentenced on July 17, 2001. Any discrepancy with the consecutive or concurrent nature of his sentence could have been discovered with the exercise of due diligence shortly thereafter. *See Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008) (explaining that the relevant question in determining due diligence is "whether the petitioner should be expected to take actions which would lead him to the information.") (quoting *Wilson v. Beard*, 426 F.3d 653, 662 (3d Cir. 2005)).

Moreover, once McGee discovered the alleged discrepancy in October 2001, he waited over sixteen years before filing a state habeas application in 2018. As a result, his state habeas application does not act to toll his federal petition. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (explaining that a state habeas writ filed after the expiration of the limitations period has no tolling effect).

McGee was placed on notice of the alleged discrepancy in October 2001—and he readily admits that he simply waited for prison officials to "take care" of it. While McGee insists that he

relied upon a prison official's remark that it "would be taken care of," this is of no legal consequence. McGee, as the petitioner, must diligently pursue his rights. Equity is not intended for those who sleep on their rights. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

His assumption that any purported error would be fixed does not demonstrate that he acted with due diligence; in fact, the facts as McGee presents them show quite the opposite. He was placed on notice in October 2001—and did nothing until 2018 when he filed a state habeas application in 2018, and then a federal petition in 2020. His inaction for over sixteen years caused him to miss the AEDPA deadline, which necessitates a dismissal in this case. *See, e.g.*, *Jones v. Stephens*, 541 F. App'x 499, 504 (5th Cir. 2013) ("Like the petitioner in *Larry*, it was therefore Jones' failure to comply with state procedure rules, instead of any action by the State or state courts, that caused Jones to miss the AEDPA deadline."). McGee's 2020 federal petition is therefore time-barred under the AEDPA.

2. Denial of Parole

McGee maintains that if his sentences are deemed consecutive, he was denied the right to become eligible for parole on Count One because he discharged that sentence. This claim is likewise without merit. To the extent that McGee is claiming that he would have become eligible for parole sooner if his sentences had been calculated as consecutive, the Court notes that this is without merit—as, in Texas, a petitioner cannot be released onto parole until the date he becomes eligible for parole on the last of his consecutive sentences. *See* Tex. Govt. Code § 508.150.

Furthermore, contrary to his contention, McGee has no constitutional right to even become eligible for parole in the state of Texas. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United

States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).

There is no constitutional right to parole to release on parole in Texas, and any effect of a punishment on a Texas prisoner's parole eligibility does not support a constitutional claim. *See Williams v. Dretke*, 306 F. App'x 164, 166 (5th Cir. 2009) ("Texas prisoners have 'no constitutional expectancy of parole' and, thus, any effect that the punishment had on Williams's parole eligibility could not support a constitutional claim."). A prisoner's hope to be released on parole in Texas is not protected by due process. While McGee implies that that the parole system is not governed in a fair or impartial manner, he provides no specifics and fails to elaborate. Conclusory allegations are insufficient on habeas review. *See Green v. Johnson*, 160 F.3d 1029, 1045 (5th Cir. 1998) (conclusory allegations are insufficient in habeas proceedings).

Here, McGee was granted parole in 2018 before it was reversed. But he has no constitutional right to release onto parole, and any effect on his eligibility for parole through the consecutive nature of his sentences does not support a constitutional claim. Accordingly, McGee's claim is without merit and should be dismissed.

## VI. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best

position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, McGee failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled application for the writ of habeas corpus be denied, and the case dismissed with prejudice as time-barred. It is further recommended that Petitioner McGee be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 17th day of January, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE